IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BRADLEY MARKLEY,**

      **Petitioner,**

v.                                      **CRIMINAL ACTION NO.: 3:18-CR-21**
                                          **CIVIL ACTION NO.: 3:19-CV-117**
                                          **(GROH)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to the Local Rules, this action was referred to Magistrate Judge Trumble for submission of a R&R. Magistrate Judge Trumble issued his R&R [ECF No. 57][1] on March 3, 2021. Therein, Magistrate Judge Trumble recommends that the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 31] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour,

---

[1] All CM/ECF numbers cited refer to Petitioner's criminal case, 3:18-CR-21, unless otherwise stated.

889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection,

we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The R&R was mailed to the Petitioner on March 3, 2021.  ECF No. 57.  The Petitioner accepted service on March 8, 2021.  ECF No. 58.  The Petitioner timely filed his objections on March 15, 2021.  ECF No. 59.  The Petitioner also sent a letter to the Undersigned, which the Court directed the Clerk to file as objections on March 18, 2021.  ECF No. 60.

The Court notes that the Petitioner's objections are conclusory and present no new information, argument or any legal citation whatsoever.  Thus, the Court finds that the objections do not warrant a detailed analysis from this Court.  However, the Court must be clear that it has thoroughly reviewed the Petitioner's § 2255, the transcript from the evidentiary hearing held by Magistrate Judge Trumble [ECF No. 55], the Report and Recommendation and Petitioner's objections.

As an example, Petitioner stated in his objections that he told his attorney he "wished to file an appeal and in turn was told that [he] couldn't cause of me signing my appeal rights away."  ECF No. 59.  However, the Petitioner also states, "I did not file my 2255 motion because of this conversation with my counsel I filed it cause after being in prison for some months that when I found out that in fact I could have filed a appeal, cause yes I was unhappy with my sentence . . . ."  Id.  This assertion is contradicted by testimony of the Petitioner's former attorney, a letter sent from counsel to the Petitioner, the Court's explanation of his rights at his sentencing hearing, and his own statements.

3

To the extent the Petitioner has stated any objection, it is hereby OVERRULED. The Court adopts the analysis in the R&R, finding specifically that the Petitioner's former attorney was not directed to file an appeal, offered to file an appeal, and appropriately communicated and counseled the Petitioner regarding his appellate rights. To be clear, the Court has thoroughly and carefully reviewed all of the filings in this matter and finds that the R&R applies the appropriate legal standards and through Judge Trumble's sound analysis reached the correct conclusion.

Accordingly, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 57 in 3:18-CR-21; ECF No. 5 in 3:19-CV-117] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Petitioner's Motion to Vacate [ECF No. 31 in 3:18-CR-21; ECF No. 1 in 3:19-CV-117] is **DENIED** and **DISMISSED WITH PREJUDICE**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** August 13, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE